UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD KELLY, #526389,

        Petitioner,         Case No. 12-cv-11005

v.         Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

        Respondent.

_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

On March 25, 2015, Petitioner Bernard Kelly's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied and dismissed with prejudice on the merits. Kelly was denied leave to proceed in forma pauperis on appeal and a certificate of appealability was denied. The Sixth Circuit further denied him leave to appeal and analyzed the threshold merits of his claims.

Kelly filed a motion for relief from judgment pursuant to Rule 60(b)(1) on March 24, 2016. His motion claims that this Court erred in analyzing a number of his habeas claims. His motion is meritless and will be denied.

**I.**

The facts as set forth in the Court's opinion denying Kelly's petition for a writ of habeas corpus will be substantially repeated here.

Petitioner was convicted of two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit

Court. He was sentenced to concurrent terms of 18 years and 9 months to 30 years imprisonment on the assault convictions and a consecutive term of two years imprisonment on the felony firearm conviction in 2006.

Petitioner's convictions arise from his shooting assault upon his toddler daughter and her mother at the woman's home in Detroit, Michigan on February 19, 2002. The Court adopts the statement of facts set forth by the Michigan Court of Appeals, which is presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Those facts are as follows:

> The complainant, Charity Smith, met defendant in 1999. Smith and defendant had a casual sexual relationship, and Smith became pregnant. Defendant repeatedly expressed his desire to not be a father. He asked Smith to have an abortion, told her that he hoped the baby would die in utero, and threatened to make her life miserable if she gave birth to the child. Defendant also threatened to kill both Smith and their child. Bravely, Smith chose to have the baby. She gave birth to their daughter, Amorie Smith, on April 14, 2000.
>
> After Amorie's birth, Smith filed a petition to obtain child support. Genetic testing established that defendant was Amorie's father. Defendant signed an affidavit of parentage and was ordered to pay child support. The payments were deducted directly from his paychecks.
>
> On February 19, 2002, defendant called Smith and threatened to kill her and Amorie because he did not want to pay child support. Smith ended the call, but defendant called back and screamed that he hoped that she and Amorie would die. Smith immediately called the police to report the incident and was told that an officer would contact her the following day. Approximately 25 minutes later, Smith was sitting on the floor of her bedroom, talking on the phone and watching Amorie play with the window blinds. Smith heard two taps and told Amorie to get away from the window. As Amorie moved away from the window, a gun was fired through the window and into the room. Smith, who used her body to shield Amorie from the gunshots, was hit seven times. Smith could not see who fired the shots. She managed to call the police and hid in the bathroom with Amorie until they arrived. The shooter went to the front door and tried to kick it down, but fled when he heard police sirens. After this incident, Smith had no further contact with defendant.
>
> Officers investigating the shooting recovered four .25 caliber shell casings outside Smith's bedroom window. Defendant's friend, Ivan Stepney, testified that defendant possessed a .25 caliber handgun. Stepney also claimed that defendant

> had told him on more than one occasion that he did not understand why a woman would have a child knowing that the father would not be in that child's life.

*People v. Kelly*, No. 269918, 2007 WL 2118799, *1-2 (Mich. Ct. App. July 24, 2007) (unpublished). At the close of trial, the jury found Petitioner guilty of the charged offenses and the trial court sentenced him to the terms of imprisonment previously set forth.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising fourteen claims of error. The Michigan Court of Appeals denied relief on those claims and affirmed his convictions and sentences. *Id*. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Kelly*, 480 Mich. 991, 742 N.W.2d 123 (2007).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising sixteen different claims. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(2) and (3). *People v. Kelly*, No. 05-012153-01 (Wayne Co. Cir. Ct. Feb. 10, 2009). The trial court also denied Petitioner's motions for disqualification and reconsideration. *People v. Kelly*, No. 04-012153-01 (Wayne Co. Cir. Ct. June 4, 2009). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was ultimately denied "for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Kelly*, No. 298250 (Mich. Ct. App. Jan. 5, 2011). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was similarly denied. *People v. Kelly*, 490 Mich. 857, 802 N.W.2d 347 (2011). The court also denied reconsideration. *People v. Kelly*, 490 Mich. 975, 806 N.W.2d 309 (2011).

## II.

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a

party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Such a motion is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999); *see also Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir.1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal."). "In the case of a mistake of law committed by a Court, a Motion for Relief under Rule 60(b)(1) must be filed within the timeframe for taking an appeal." *Patel v. McKesson Corp.*, No. 14-11299, 2016 WL 1242520, at *1 (E.D. Mich. Mar. 30, 2016). Motions alleging a mistake of fact must be filed "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

Kelly filed his motion for relief from judgment on March 24, 2016. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding *pro se* prisoner motions filed on day delivered to prison authorities). Judgment was entered in Kelly's habeas case on March 25, 2016. Thus, any mistake-of-law claims made by Kelly are untimely. His mistake-of-fact claims are, however, timely.

### III.

Kelly makes four claims in his motion. First, he claims that the Court erred by not properly considering his claim that he should have been able to obtain new counsel on the eve of trial. As part of this claim, and all of his claims, he references an affidavit by Tracey Poteat that he submitted with his state and federal habeas materials. He claims that the affidavit establishes that Kelly's victim harassed him prior to Kelly shooting the victim. Kelly presumably believes that this furnishes sufficient proof of his innocence that habeas courts have repeatedly ignored.

Second, Kelly claims that this Court erred by ignoring facts surrounding his exclusion from trial for disorderly conduct. If the Court considered those facts, it would have concluded that he was unconstitutionally withheld from trial. Third, Kelly claims this Court erred by not addressing the constitutional violation wrought by the state trial court when it excluded Kelly from trial and did not allow him an opportunity to rejoin the proceedings or change his mind on whether he would testify. Finally, Kelly makes the direct claim that this Court erred by not considering the Poteat Affidavit and the fact that Tracey Poteat could have offered helpful testimony at trial.

As an initial matter, Kelly's motion attempts to raise constitutional habeas claims that he has raised numerous times before. The only difference in his current approach is that he attempts to refract those claims through a Rule 60(b)(1) argument that this Court erred in denying his habeas petition. The sum of his claims in his current motion amounts to an argument that this Court erred by not viewing the facts the way he views them. This is not grounds for relief under Rule 60(b).

**A.**

In any event, Kelly's motion is meritless. First, his claim that this Court made a substantive mistake of fact in analyzing his claim that he was denied the opportunity to change counsel is unsubstantiated. Kelly repeats claims that he has already made and that have already been analyzed by state courts, this Court, and the Sixth Circuit. He claims that "the district court appears to misconstrue the facts of this claim, as they were presented by Mr. Kelly; again, consider extraneous facts, unsupported by the record; and failed to consider post-trial affidavits supporting this claim." Mot. Relief J. 6, ECF No. 22. He further claims that "the record clearly and unambiguously reveals that Kelly was emphatically denied the opportunity to show cause for the substitution of appointed trial counsel by the trial court who made absolutely no attempt to

perform his duty to make an adequate inquiry into Kelly's dissatisfaction with counsel." *Id*. at 6–7.

But this claim has already been analyzed in depth and Kelly does not demonstrate any mistake beyond the suggestion that the evidence was improperly analyzed. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Next, Kelly's all-important Poteat Affidavit is of no help. The affidavit was not presented until Kelly filed a 137-page reply brief in support of his habeas petition. For that reason alone, the Poteat Affidavit should not be considered. But, even considering the affidavit, it does not merit Rule 60 relief.

Kelly does not explain what full and fair consideration of the affidavit, which he claims was lacking, would achieve. He indicates that the testimony of Ms. Poteat "created a reasonable doubt that did not otherwise exist at trial." *Id*. at 7. He also explains that the Poteat Affidavit is "post-trial new evidence . . . showing harassment, a possible alibi, and bias on behalf of [the victim.]" *Id*. at 16. Yet this is not new evidence of any sort. As the state habeas court concluded, Kelly's attorney did interview Ms. Poteat and determined that she should not be called at trial. Kelly provides nothing contrary to that factual finding by the state habeas court.

Assuming facts adduced in Ms. Poteat's affidavit qualify as newly discovered evidence and Kelly's motion construed as one under Rule 60(b)(2), his motion would be untimely. Rule 60(b)(2) allows relief from a final judgment or order for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." *Sanders v. Sec'y of Health & Human Servs.*, 802 F.2d 459 (6th Cir. 1986) (quoting Fed. R. Civ.

P. 60(b)(2)). But in making such a showing Kelly would have to demonstrate that, amongst other things, "the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." *Id.* (quoting *Yachts America, Inc. v. United States*, 779 F.2d 656, 662 (Fed. Cir. 1985)). Kelly has not shown that he could not have obtained the Poteat Affidavit in sufficient time to move for a new trial in state court, or in time to move under Rule 59 in this Court, or that the Poteat Affidavit is likely to produce a different result in either court.

Accordingly, Kelly's first and final claims for relief from judgment are meritless.

**B.**

Kelly's second claim for relief is that this Court erred by ignoring facts surrounding his exclusion from trial for disorderly conduct. Specifically, he claims that "his actions were not so disorderly, disruptive and disrespectful that the trial court could not be carried on with him in the courtroom." Mot. Relief J. 10, ECF No. 22. This claim is blatantly contradicted by the record and has been addressed multiple times by courts reviewing Kelly's habeas claims. See, e.g., Op. & Order Denying Pet. for Writ of Habeas Corpus 26–27, ECF No. 17 (explaining Kelly's disruptive behavior and repeated refusal to act in an orderly manner so that he may remain in the courtroom). Kelly is trying to revisit that decision here. He will not be permitted to do so. *See Jinks*, 250 F.3d at 385.

**C.**

Lastly, Kelly's third claim is that he was not given an opportunity to change his decision that he would not testify at trial. But Kelly himself admits this claim is not meritorious when he writes that "there is no U.S. Supreme court precedent which states that defendant must make a decision as to whether or not to testify BEFORE the prosecution has presented its case." Mot.

Relief J. 14, ECF No. 22 (sic throughout). Since there is no readily applicable Supreme Court precedent, the state trial and habeas courts' actions and decisions could not be contrary to clearly established law. *See, e.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam). Nevertheless, Kelly attempts in this claim to raise an error of law. He is barred from doing so by Rule 60. *See Patel*, 2016 WL 1242520, at *1 (explaining that claims of legal error must be brought under Rule 60 within the timeframe for taking an appeal).

Kelly's motion is without merit and will be denied.

### IV.

Accordingly, it is **ORDERED** that Petitioner Bernard Kelly's Motion for Relief from Judgment, ECF No. 22, is **DENIED**.

Dated: April 27, 2016
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager